Derbigny, J.
delivered the opinion of the court. It has been contended generally that the record of a suit, in which the plaintiff has been non-suited, cannot be produced against him, eit *555 her for the purpose of estopping him, or as evidence of facts by him acknowledged.
We do not indeed believe that the doctrine of estoppel, as known to our laws, extends to the length which the defendant contends for. In order that a demand may operate as a bar against another, it must appear, that, by the first, all rights to the second have been waved. But, altho’ it must be confessed, that it is not easy to reconcile a demand of wages as a servant, with a claim as a partner, the one does not of necessity-exclude the other. Actions, contrary to one another, altho’ they cannot be united in a libel, may be separately instituted quando sunt talia jura, quœ non tolluntur electione, says Lopez, n. 1. Part. 3, 10, 7.
But the plaintiff has not only contended that those records could not be introduced, in support of the defendant’s plea in bar, he has also attempted to shew, that they could not he produced as evidence of facts acknowledged by his testatrix. To establish this point he has quoted from Part. 3, 22, 9. a passage which goes to say that after a defendant has obtained the dismissal of a suit, owing to the absence or neglect of the plaintiff, it shall not be permitted to the plaintiff thereafter to avail himself, in a new action, of any thing written on the first, because *556 the defendant has been liberated of that by the judgment of dismissal. But, this provision, denying to the plaintiff the right of producing in such a case the pleadings of the first suit, is certainly not applicable to the defendant.
We do not presume that the plaintiff further intended to deny generally, that the acknowlegment of parties, by their attornies in the pleadings are evidence. "The confessions or "acknowledgments," says Pothier, "which the "parties make in several stages of a suit, by "their instruments of writing or pleas, may also "pass for a sort of judicial confession, when "the attorney has authority from his client to "make them, and he is presumed to have such "an authority as long as he is not disavowed.” 2 Pothier’s Obl. n. In Gilbert's law of evidence "chancery is evidence against the complainant, "for the allegations of every man’s bill shall "be supposed to be true, nor shall it be pre "ferred by the counsel or solicitor, without the "privity of the party, and therefore it is evidence "as to the confession or admission of the truth "of any fact by the party himself.” In this particular instance, the soundness of that doctrine is manifest: for here is the disclosure of *557 an all-important fact, the proof of which was perhaps in the power of the plaintiff alone, to wit: her possessing two slaves in her own right, during all the time of her residence with Quierry.
Upon the whole, we think that the records offered in evidence by the defendant, were properly admitted, so far as his object was to establish facts disclosed by the plaintiff.
We have, in support of the partnership, acknowledgments of Quierry, made, it is not said at what time, and in opposition to them his own acts, and the acknowledgment of Martha Bore. Independently of her own avowal, that she was only his servant, we have it in evidence front her own mouth, and that of one of her witnesses, that he possessed land in his own right, and she, two slaves in hers. An universal partnership between them is then out of question; and if there was a, particular one, nothing shews in what it did exist.
We are therefore of opinion, that the plaintiff’s claim is not supported by the evidence: this will preclude the necessity of inquiring here, how far these can exist in the state of any such thing as a partnership between a man and his concubine particularly between a white man and a free woman of color, living together in *558 concubinage, and how far such a contract may come within the provisions of the Part. 5, 11, 28, and the 33d art. of our Code 264, which declares void all contracts, the cause of which is contrary to good morals and public order.
It becomes also unnecessary to decide whether the plaintiff could bring this, or any other action, against the estate of Quierry, after having consented to withdraw the suit for wages, for the purpose of receiving the legacy left to his testatrix: altho’ it may be proper to observe, we were inclined to view this agreement as a compromise intended to put an end to his claim.
It is ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.
GENERAL RULE.
December, 3, 1816.
It is ordered that candidates for admission to the bar, who have taken a degree in one of the incorporated seminaries in the United States, or their territories, may he examined, on shewing that they have studied two years under the direction of one of the attorneys duly, admitted in this State.